UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | ) Crim. No. 06-227-06 (RBW) |
| | ) |
| | ) |
| LAWRENCE BRYANT | ) |

**DEFENDANT BRYANT'S MOTION TO MODIFY RELEASE CONDITIONS
TO ENABLE DEFENDANT TO ACCEPT CURRENT EMPLOYMENT ASSIGNMENTS
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

COMES NOW the defendant, Lawrence Bryant, through undersigned counsel, and respectfully moves this Court to modify his electronic monitoring conditions because it is preventing him from being able to work at the current job sites for his employer, and it is preventing him from accepting additional network installation work which has to be done after normal business hours.  Mr. Bryant is trying earn as much as possible over the next four months in anticipation of the increase in his family's expenses because his daughter is starting college in the fall.  In support of this motion defendant states as follows:

1. As the Court is aware, on or about August 23, 2006, this Court ordered Mr. Bryant's release on electronic home monitoring under the supervision of the Heightened Supervision Program of the Pretrial Services Agency ("PSA-HSP").  Mr. Bryant has been on supervision for nearly ten months now.

2. Mr. Bryant's case manager prepared a compliance report for the last status hearing.  The report indicated that Mr. Bryant has been in compliance with the very strict monitoring conditions of the Heightened Supervision Program of the PSA.  Mr. Bryant has maintained employment, and has remained in compliance with all of the program conditions.  He was also compliant with the alternative reporting conditions fashioned during the period of time earlier this year when the electronic monitoring conditions were suspended so that Mr. Bryant could take his daughter to visit colleges.  In addition, Mr. Bryant has never tested positive for illegal drug use.  In short, Mr. Bryant has been a model participant in the PSA-HSP electronic

2

monitoring program since being placed in the program last August.

      3. Counsel has also spoken on numerous occasions with Anthony Gales, Mr. Bryant's case manager with the PSA. Each time Mr. Gales has confirmed that Mr. Bryant's compliance with the program conditions has been exemplary, and that there are no issues whatsoever with his supervision. Mr. Gales indicates that as a matter of policy his office does not make supervision recommendations to the Court. Nonetheless, counsel believes that Mr. Gales, given an opportunity, would give a very positive report - one which would factually support the position that Mr. Bryant is not a risk to flee or a danger to the community, and that less restrictive conditions of supervision would be sufficient for Mr. Bryant.

      4. The reason Mr. Bryant is filing this motion is that Mr. Bryant's ability to work is currently being compromised by the electronic monitoring conditions. Specifically counsel would note that Mr. Bryant's hours at work are currently being curtailed because his employer will not permit him to work at several of the current work sites while wearing the ankle bracelet used for the electronic monitoring program. His company is currently under contract to do network and cable installation work and maintenance work in some Prince George's County Government buildings, the Montgomery County Public Schools, and the Broadcast Board of Governors in the District of Columbia. If the electronic monitoring conditions were removed, and he was not required to wear the ankle bracelet, he would then be able to be assigned to those work locations.

      5. In addition, as a result of the slowdown, Mr. Bryant was forced to look for work independent of his employer. Mr. Bryant has been able to find such work. He has been offered a contract to do telecommunications infrastructure installation work for a company in Washington, D.C. This work would have to be done weekday evenings and on weekends because the company needs to have all of its "network" related work done after business hours, when their employees are not using it. [See attached letter]. Unfortunately, according to the PSA case manager, the electronic monitoring program is not flexible enough to permit Mr. Bryant to accept

3

such work, at least not without the express approval and order of the Court. Thus it appears that Mr. Bryant will not be able to do much of the work being offered unless alternative supervision conditions are fashioned.

      6. Alternatively, counsel would note that Mr. Bryant has also been offered a position at the Island Café which is located at 829 Upshur Street, N.W. in the District of Columbia. [1] [A copy of a letter confirming the offer of employment is attached]. If the Court denies the request to fashion conditions to do the network and telecommunications work, counsel respectfully requests that the Court modify the current conditions of electronic monitoring to permit Mr. Bryant to accept the assistant manager position at the Island Café. The hours for that position are 4:00 P.M. to 12:00 P.M. Tuesdays through Saturdays. Thus, if the Court is not willing to replace the electronic monitoring with alternative conditions so he can accept the jobs in his field, then Mr. Bryant respectfully requests that the electronic monitoring hours be adjusted to permit him to accept the Island Café job offer.

      7. As noted by counsel in prior pleadings, Mr. Bryant has a very strong work history, and very strong ties to the D.C. area. He was born and raised in this area. He has been working in the network and telecommunications industry for more than 15 years. He has been a reliable employee, trusted to supervise work crews and participate in sales calls for many of those years. His core family lives in this area. His extended family appears with him for all of his court hearings. In short, he has demonstrated over the past nine months that he is a hard worker and an involved parent, and that he is a responsible person who is committed to following the Court's

---

1  Mr. Bryant prefers to work in his current field of expertise, but if that is not possible wants to accept the other offer, which has been left open for him. His reasons are quite simple. Mr. Bryant reminded counsel that his daughter will be starting college this fall, which will significantly increase the family's financial obligations. In addition, Mr. Bryant will be required to miss work during his trial in this case, which is currently scheduled to start in late September and last until the beginning of November. Thus Mr. Bryant is trying to work as much as possible over the next four months, and he would prefer to be able to work in his field because it is far more lucrative.

4

reporting conditions. In short, he has demonstrated by his conduct over the past nine months that he is not a flight risk or a danger to the community.

     8. Counsel proposes that alternative conditions can be fashioned for Mr. Bryant. Counsel submits that Mr. Bryant can be required to call PSA every day and report to PSA in person twice a week, and follow any other conditions the Court deems appropriate, including the order to stay away from te Barry Farms area. Counsel submits that such conditions would be more than sufficient to assure Mr. Bryant's continued appearance in Court, and the safety of the community.

     9. Defendant respectfully requests a hearing at the Court's earliest convenience so that he is able to advise his potential clients and/or employer regarding his ability to do the work for them.

     WHEREFORE, for the above stated reasons, and for any other reasons raised at a hearing on this Motion, defendant requests that the court grant his motion to modify the conditions of release so that he can continue to work in his field of expertise - installing and maintaining network and telecommunications systems.

                                            Respectfully submitted,

                                            /s/
                                          Howard B. Katzoff (Bar # 348292)
                                          601 Indiana Ave. NW   Suite 500
                                          Washington, D.C. 20004
                                          Counsel for Lawrence Bryant
                                          (202) 783-6414

5

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing Motion was served electronically on Elisa Poteat, Esquire and Emory Cole, Esquire, Assistant United States Attorneys for the District of Columbia, 555 Fourth Street, N.W., Washington, D.C. 20530, and to all defense counsel of record, this  7th   day of   June  , 2007.


                                                    /s/
                                     Howard B. Katzoff