UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Crim. No. 06-227-06 (RBW) |
| | ) |
| LAWRENCE BRYANT | ) |

## MOTION FOR A BILL OF PARTICULARS

Defendant, Lawrence Bryant, through undersigned counsel, hereby moves, pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, to direct the Government to file a bill of particulars setting forth the following particulars regarding Count One of the Indictment:

1. The approximate date and time Mr. Bryant allegedly agreed to enter the conspiracy, and the identity of the individual or individuals with whom he entered into this agreement;

2. The approximate dates, times, and locations of all overt acts by Mr. Bryant in furtherance of the conspiracy.

3. The identities of all conspirators, indicted or unindicted, with whom Mr. Bryant has allegedly conspired during the course of the conspiracy, and the times, places and locations of any alleged meetings or conversations between Mr. Bryant and those conspirators.

4. The identities of all conspirators, indicted and unindicted.

5. The dates, times, locations, and circumstances surrounding each act or conversation by alleged co-conspirators referring in any way to Mr. Bryant.

6. Any and all coconspirator's statements the government intends to use pursuant to FRE 801(d)(2)(E).

7. Any and all acts, statements, and/or evidence the government will rely upon to prove that Mr. Bryant participated in the alleged conspiracy.

8. What drug quantities defendant was directly involved in distributing; including the length, duration, and frequency of his involvement.

2

WHEREFORE, for the reasons set forth in the attached Memorandum the defendant prays that this Motion for a Bill of Particulars be GRANTED.

Respectfully submitted,

/s/
Howard B. Katzoff (Bar # 348292)
717 D Street, N.W.   Suite 310
Washington, D.C. 20004
Counsel for Lawrence Bryant
(202) 783-6414

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion was served electronically on government counsel and all defense counsel of record, this    18th    day of   June  , 2007.

/s/
Howard B. Katzoff

# MEMORANDUM OF LAW IN SUPPORT OF MOTION
# MOTION FOR A BILL OF PARTICULARS

**BACKGROUND:**

The indictment is a four count indictment charging Darnell Anthony Jackson and twelve other defendants, including Mr. Bryant, with conspiracy to distribute and possess with intent to distribute a mixture or substance containing a detectable amount of PCP in violation of 21 U.S.C. 846 and 841 (a)(1) and (b)(1)(A).  Mr. Bryant is only charged in Count One of the indictment - the conspiracy count.  Mr. Jackson, along with a number of other defendants, is charged in Counts Two and Three with possession with intent to distribute PCP and distribution of PCP on March 10, 2006.  Mr. Jackson alone is charged in Count Four with distribution of PCP on May 24, 2006.

Unlike the indictments in many of the narcotics conspiracies brought in this Court, particularly those stemming from long term investigations, the indictment in this case is not a "speaking indictment".  Instead, the conspiracy count is a "bare bones" recitation of the statutory language.  Simply put, it is not sufficient to give the defendant adequate notice regarding the conspiracy charge against him.  It does not provide the usual details about the nature and scope of the conspiracy.  It does not set forth any overt acts.  It does not describe the roles of any of the alleged co-conspirators, or the dates, times, places of significant meetings or conversations involving Mr. Bryant, or any of the other alleged conspirators.   While the conspiracy count may be legally sufficient to withstand a motion to dismiss, it is not sufficient to provide Mr. Bryant with adequate notice of the specific allegations so he can defend himself at trial.

Neither does the voluminous discovery adequately supplement the allegations in the indictment.  The discovery includes the summary sheets from thousands of Darnell Jackson's recorded telephone calls, the travel records relating to a number of individuals, and copies of the evidence seized from numerous locations.  Little of that discovery applies to Mr. Bryant.  He is

4

allegedly overheard on a handful of the wiretap conversations with Mr. Jackson. Those conversations occurred during a one week period in May 2006. The travel records do not pertain to Mr. Bryant. No PCP, drug distribution paraphernalia, or any other illegal drugs were recovered from Mr. Bryant's person or property. There are no reports, DEA-7s, or other discovery materials connecting Mr. Bryant to any particular purchases or sales of PCP in furtherance of the conspiracy. Other than the handful of suspicious conversations in which Mr. Jackson appears to talk to Mr. Bryant about the monies he was owed, there is nothing about the discovery to alert Mr. Bryant to the specific allegations about his involvement in the alleged conspiracy. There is no indication when he allegedly joined the conspiracy. Other than the telephone calls, there is no evidence of any overt acts showing that he knowingly participated in the alleged conspiracy.[1] The alleged conspiracy spans approximately 11 months, from September 2005 through July 2006. Yet the government's discovery only shows defendant's alleged involvement during the one week period in May.

In order to properly defend against narcotics conspiracy allegations under the current case law, defendant needs to know what, if any, alleged involvement he had during the other 11 months. Specifically, defendant can not adequately defend himself at trial without notice of the quantities of drugs the government alleges he was involved with; the period of time he was involved in the conspiracy; and the quantities of drugs attributed to other conspirators which the government contends were reasonably foreseeable to the defendant. Thus, the requested bill of particulars is necessary in this case.

---

1  There is also allegedly a video surveillance clip of Mr. Bryant meeting Mr. Jackson on one occasion. The government alleges that the video depicts an apparent exchange of some unknown item or items. Counsel was unable to discern any exchange.

5

**LEGAL ARGUMENT:**

Rule 7(f) of the federal Rules of Criminal Procedure authorizes this Court to direct the government to file a bill of particulars. The underlying purpose of a bill of particulars is to inform the defendant of the precise charges against him so as to allow him to prepare his defense, to prevent surprise at trial, and to protect the defendant from being placed in double jeopardy for the same offense. Wong Tai v. United States, 273 U.S. 77 (1927); United States v. Schembari, 484 F.2d 931, 934-35 (4th Cir. 1973). Full and complete bills of particulars may therefore be necessary for the fair administration of justice in a particular case.

Courts have stressed that a bill of particulars is designed "to enable the accused to meet the charges presented against him" and that it "should be liberally interpreted to carry out this purpose." United States v. O'Connor, 237 F.2d 466, 476 (2d Cir. 1956). Moreover, since the 1966 amendment to Rule 7(f), the courts have adopted a more liberal attitude toward granting bills of particulars. As the Third Circuit noted, "the net result of the change seems to have been to increase the instances in which particulars are granted, thus contributing to a desirable decline in the 'sporting theory' of criminal justice." United States v. Addonizio, 451 F.2d 49, 64 (3rd Cir. 1971) cert. denied, 405 U.S. 936 (1972); see also United States v. Rosenfield, 264 F.Supp. 760, 763 (N.D. Ill. 1967). Courts have recognized that "particulars should also be granted 'to save a defendant wholly needless labor in preparing his defense.'" United Stated v. Philippe, 173 F.Supp. 582, 585 (S.D.N.Y. 1959); United States v. Dolan, 113 F.Supp. 757, 759 (D. Conn. 1953).

In considering the need for a bill of particulars, the court must evaluate the complexity of the charges and the information contained in the indictment. See e.g., United States v. Goldman, 439 F.Supp. 337, 352 (S.D.N.Y.) 1977); United States v. Agnello, 367 F.Supp. 444, 449-51 (E.D.N.Y. 1973). It has been recognized that the need for a bill of particulars is greater in a complex case, United States v. Onassis, 125 F.Supp. 190, 213 (D.D.C. 1954), especially those involving conspiracy charges. United States v. Agnello, 367 F.Supp. at 450.

6

Count One charges a narcotics conspiracy. Counsel would note that narcotics conspiracy charges have become more complex over the past few years. Since <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 476 (2000), the drug type and quantity must be charged and proven beyond a reasonable doubt. In addition, our Circuit has held that the federal narcotics statute is a tri-partite statute which charges different offenses, with different penalties, depending on the quantity of drugs charged. See, <u>United States v. Fields</u>, 242 F.3d 393, 396 (D.C. Cir. 2001)("<u>Fields</u> I"), aff'd and amended on reh'g, 251 F.3d 1041, 1043 (D.C. Cir. 2001)("<u>Fields</u> II"). Defendant recognizes that the Indictment in this case charges all defendants with Conspiracy to distribute and possess with intent to distribute a kilogram or more of a substance containing a detectable amount of phencyclidine (PCP) pursuant to 21 U.S.C. 841(b)(1)(A). Nevertheless, often in multi-defendant narcotics conspiracy cases such as this case, the government will only be able to prove lesser drug quantities as to some of the defendants, which results in convictions for lesser-included offenses under 21 U.S.C. 841 (b)(1)(B) or (b)(1)(C). Thus it is critical for the defendant to know when the government alleges he joined the conspiracy, what role he played in the alleged conspiracy, what drug quantities he was directly involved in distributing; and the length, duration, and frequency of his involvement. All of those factors are relevant to a fair determination of the reasonably foreseeable quantities of drugs attributable to the defendant in this case. Mr. Bryant has not been provided any of that information, and therefore can not prepare to defend himself.[2] For these reasons, the type of information sought in the requested bill of particulars is necessary.

The particulars sought by Mr. Bryant are only those needed to prepare for trial and fix the allegations against him. They are similar to particulars granted in other conspiracy cases. For example, particulars have been granted with respect to overt acts committed in furtherance of an alleged conspiracy, <u>United States v. Holman</u>, 490 F.Supp. 755, 762 (E.D. Pa. 1980); <u>United</u>

---

2 Counsel would also note that it is difficult, if not impossible, to fairly evaluate a possible disposition in the case without further information regarding drug quantities.

7

States v. Anderson, 368 F.Supp. 1253, 1263-64 (D. Md. 1973); the particular objectives of the alleged conspiracy and the time, place, and participants in the alleged meetings or conversations, United States v. Thevis, 474 F.Supp. 117, 126-27 (N.D. Ga. 1979); United States v. Manetti, 323 F.Supp. 683, 696 (D. Dell 1971), and the manner or means with which conspiratorial acts were carried out. United States v. Hubbard, 474 F.Supp. 64, 80 (D.D.C. 1979).

    Courts have required that the government answer requests for dates and/or locations of specific events. See, United States v. Mannino, 480 F. Supp. 1180, 1185 (S.D.N.Y. 1979) (locations); United States v. Holman, 490 F. Supp. 159, 160 (S.D.N.Y. 1966, (dates, times, locations, sums, and manner of payment). Similarly, the identity of alleged co-conspirators is a proper matter for disclosure to a defendant. United States v. Barrentine, 591 F.2d 1069 (5th cir. 1977); United States v. Holman, supra; United States v. Mannino, supra; United States v.Fine, 413 F. Supp. 740, 746 (W.D. Wis. 1976): see also United States v. Dioguardi, 332 F. Supp. 7, 15 (S.D.N.Y. 1971); United States v. Rosenstein, 303 F. Supp. 210, 213 (S.D.N.Y. 1969), aff'd. 474 F.2d 705 (2d Cir. 1973);

    The issue to be resolved on a motion for a bill of particulars is what the government intends to prove at trial in support of its charges, and the defendant must be fully apprised of same. United States v. Spur Knitting Mills, Inc., 187 F. Supp. 653 (S.D.N.Y. 1960). The defendant is facing a possible life sentence. Yet the indictment and discovery do not shed sufficient light on the allegations or evidence. In light of the serious and complex nature of the charges, as well as the harsh potential penalties, the court should order the particulars regarding the two large gaps in the indictment, so that defendant and his counsel can adequately and intelligently prepare to meet the government's proof.

    WHEREFORE, for all of the reasons set forth above, the defendant's Motion for a Bill of Particulars should be granted. The defendant respectfully requests a hearing on this motion well in advance of the trial date in this case.

8

Respectfully submitted,

  /s/
Howard B. Katzoff (Bar # 348292)
717 D Street, N.W.  Suite 310
Washington, D.C. 20004
Counsel for Lawrence Bryant
(202) 783-6414

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Motion and Memorandum in Support of Motion was served electronically on government counsel and all defense counsel of record, this    18th    day of   June  , 2007.

  /s/
Howard B. Katzoff