UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Crim. No. 06-227-06 (RBW) |
| | ) |
| LAWRENCE BRYANT | ) |

**REQUEST FOR NOTICE OF ALL IDENTIFICATIONS OF DEFENDANT
AND MOTION TO SUPPRESS IDENTIFICATION TESTIMONY
AND POINTS AND AUTHORITIES IN SUPPORT THEREOF**

COMES NOW the Defendant, Lawrence Bryant, by and through undersigned counsel, and respectfully moves this Court to compel notice of all identifications of defendant; to suppress as evidence all testimony that relates to all unreliable out-of-court identifications of the Defendant by potential government's witnesses; and further to preclude the Government from eliciting in-court identifications of the Defendant by any witness whose out-of-court identification has been suppressed.  As grounds for this request Defendant states as follows:

    1.  Defendant is charged in a four count indictment, along with Darnell Anthony Jackson and eleven other defendants, with conspiracy to distribute and possess with intent to distribute a mixture or substance containing a detectable amount of PCP in violation of 21 U.S.C. 846 and 841 (a)(1) and (b)(1)(A).  Mr. Bryant is only charged in Count One of the indictment - the conspiracy count.  Mr. Jackson, along with a number of other defendants, is charged in Counts Two and Three with possession with intent to distribute PCP and distribution of PCP on March 10, 2006.  Mr. Jackson alone is charged in Count Four with distribution of PCP on May 24, 2006.  The motions hearing is scheduled for September , 2007, and trial is scheduled to begin September , 2007.

    2.  Defendant has requested that the government disclose any and all identification procedures in which Mr. Bryant is identified as a participant in the charged offense.  To date the government has not provided any information regarding such identifications or identification procedures.  Nevertheless, counsel expects that at trial the government will seek to have one or

more witnesses identify Mr. Bryant as a person involved in the charged offense.

    3. Defendant recognizes that one of the government's potential witnesses knows him. Obviously, defendant would not expect the identification by that individual to present a basis for suppression. However, defendant is concerned that the government will attempt to offer evidence of other identifications. Defendant submits on information and belief that other identifications, if any, are based on identification procedures which were unduly suggestive and unreliable. Thus defendant submits that those identifications should be suppressed. Thus defendant is filing this motion to assure that all identifications have been disclosed and properly reviewed by the Court prior to trial, and to assure that there are no surprises at trial. [1]

    4. Defendant respectfully requests that the Court make a pretrial determination regarding the admissibility of all proffered identification testimony as to Mr. Bryant. In making that determination, "[t]he court must carefully consider all possible evidence of actual unreliability in determining whether the requisites of due process have been met." Russell v. United States, 408 F.2d 1280, 1282 (D.C. Cir. 1969). Manson v. Braithwaite, 432 U.S. 98 (1977) points to several relevant areas of inquiry: the opportunity of the witness to view the criminal at the time of the crime; the witness' degree of certainty demonstrated at the time of the confrontation; the accuracy of the prior description of the criminal; the witness' degree of attention; and the time between the crime and the confrontation. Defendant submits that an analysis of the factors in this case will lead to the conclusion that the out-of-court pre-trial identification(s) in question were unnecessarily suggestive and unreliable. See, Manson, supra. Therefore, defendant submits that the out-of-court identification(s) must be suppressed.

---

[1] Defendant, in his Reply to the government's opposition, hopes to be able to advise the Court, if possible, which of the proffered identifications are conceded, and which are challenged.

3

5. Moreover, when an out-of-court identification is unduly suggestive and unreliable, the Government can elicit an in-court identification only if there is a source independent of those pre-trial identifications to support the in-court identification. <u>United States v. Wade</u>, 388 U.S. 218 (1967).

6. After <u>Manson</u>, suppression is largely an all-or-nothing proposition. If an out-of-court identification is unreliable, and hence inadmissible, any subsequent in-court identification is generally also inadmissible. This is because the "independent source" issue involves the same concerns as the reliability issue. Both inquire into the quality and nature of the eyewitness' original identification of the suspect. Thus, defendant submits that no independent source exists for an in-court identification of the Defendant in this case, and that any and all identification testimony by the cooperating witness should be suppressed.

7. Defendant respectfully requests a hearing on this motion.

WHEREFORE, for these reasons and such other reasons as may be adduced at a hearing on this motion, the Defendant respectfully requests that the Court compel notice of all identifications of defendant; suppress as evidence all testimony that relates to unreliable out-of-court identifications of the Defendant by potential government's witnesses; and preclude the Government from eliciting in-court identifications of the Defendant by any witness whose out-of-court identification has been suppressed.

        Respectfully submitted,

        _/s/_____
        Howard B. Katzoff (Bar # 348292)
        717 D Street, N.W.   Suite 310
        Washington, D.C. 20004
        Counsel for Lawrence Bryant
        (202) 783-6414

4

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion was served electronically on government counsel and all defense counsel of record, this ___18th___ day of __June__, 2007.

                                ___/s/_____

                                Howard B. Katzoff

Case 1:06-cr-00227-RBW     Document 139     Filed 06/18/2007     Page 4 of 4