UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| V. | ) Crim. No. 06-227-06 (RBW) |
| | ) |
| | ) |
| LAWRENCE  BRYANT | ) |
| | ) |

**DEFENDANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Defendant, Lawrence Bryant, through undersigned counsel, pursuant to the Fourth Amendment to the United States Constitution, and Rules 12(b)(3) and 41 of the Federal Rules of Criminal Procedure, respectfully moves this Court to suppress all evidence seized as a result of the illegal search of his home on or about August 1, 2006.  As grounds for this Motion, defendant states the following:

**BACKGROUND**

Mr. Bryant is charged with conspiracy to distribute and possess with intent to distribute more than a kilogram of a mixture or substance containing a detectable amount of PCP in violation of 21 U.S.C. 846 and 841 (a)(1) and (b)(1)(A) -  Count One of the indictment.  The charges against Mr. Bryant stem, in large part, from information gathered during electronic surveillance of wire communications to and from telephone number 202-446-4546.    Based primarily on a few intercepted telephone calls between Mr. Bryant and Darnell Jackson, the government "suspected" that Mr. Bryant was receiving PCP from Jackson.  [See, Affidavit at P. 8, para 9] [1].   On or about July 27, 2006, more than two months after the intercepted telephone conversations, the government prepared an affidavit in support of search warrants for five properties in Maryland, including 1918 Black Oak Court, Mr. Bryant's home.   The totality of the

---

[1] The affidavit is attached as an exhibit to this motion.

allegations as to Mr. Bryant can be found on pages 8 and 9 of the affidavit. Special Agent Ervin indicates therein that he was involved in three intercepted telephone conversations with Jackson, and that several hours after one of the conversations the government observed Mr. Bryant have a brief contact with Jackson in the street in front of 741 51st Street, S.E.

The affidavit describes the conversations as follows: 1) On May 13, 2006 Jackson called Mr. Bryant and said he needed the "cheese" and Bryant responded that they could ride around together and get like 20; 2) Two days later, during a conversation on May 15th, Mr. Bryant told Jackson that the "joints" are gone; and 3) On May16th Jackson called Mr. Bryant and said he needed to see him to get "that". In parentheses the government gave its opinion that each of those conversations was related to PCP transactions. [See, Affidavit at pp. 23-24, para 8]. As noted above, those conversations apparently caused the government to "suspect" that Mr. Bryant was receiving PCP from Jackson. [See, Affidavit at P. 8, para 9] .

Later in the affidavit, the government also detailed information which led them to believe that Mr. Bryant lived at the 1918 Black Oak Court address. While there might have been probable cause to believe that Mr. Bryant lived at that address, that in no way bolsters probable cause that Mr. Bryant was receiving PCP from Jackson, or that drugs, paraphernalia, or other evidence of drug crimes would be found in Mr. Bryant's home.

As the government concedes on page 8 of the affidavit, the government's evidence merely raised "suspicions", and did not establish probable cause. Even in the conclusion of the affidavit, Agent Ervin does not expressly state that there is probable cause as to Mr. Bryant, although his home is one of the locations the government intended to search. Instead, the conclusion merely states that there is probable cause as to "HILT, JACKSON, HOPKINS and their criminal associates", leaving open the question whether that allegation is intended to specifically refer to Mr. Bryant, who is only a "suspect", or to other associates who have been more closely linked to Jackson's alleged criminal activities. [See, Affidavit at p. 30].

Based on the information in the affidavit the government obtained search warrants for the five listed properties, including 1918 Black Oak Court in Waldorf, Maryland. On or about August 1, 2006, the government executed the search warrant at 1918 Black Oak Court, seizing financial records, magazines, correspondence, two shotguns, and other physical evidence. The government indicates that it intends to introduce the seized evidence during the trial of the defendants in this case. Defendant respectfully submits that the evidence was unlawfully seized, and is therefore inadmissible. Thus defendant is seeking an order from this Court suppressing the evidence as "fruits of the poisonous tree". See, *Wong Sun v. United States*, 371 U.S. 471 (1963).

**LEGAL ARGUMENT:**

    I.    **Standing:**

The Fourth Amendment protects against "unreasonable searches and seizures". Those protections extend to those people who have a "legitimate expectation of privacy" in the premises. See, *Katz v. United States*, 389 U.S. 347 (1967); *Rakas v. Illinois*, 439 U.S. 128 (1978). In addition to owners and lessees, other residents and overnight guests are deemed to have a reasonable expectation of privacy in the premises. See, *Minnesota v. Olson*, 495 U.S. 91, 96-97 (1990). The government's disclosures and discovery in the case demonstrates that Mr. Bryant and his wife own the home and lived there at the time. Thus Mr. Bryant clearly had a reasonable and legitimate expectation of privacy in the home, and has "standing" to challenge the search and seizures in this case.

    II.    **Search Warrant Affidavit Failed to Establish Probable Cause:**

The Fourth Amendment to the United States Constitution guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures". For that reason "no warrants shall issue, but upon probable cause." U.S. Const.

amend. IV. Evidence obtained by the government in violation of the Fourth Amendment must be suppressed or excluded from use in the government's case-in-chief. See *United States v. Dawkins*, 17 F.3d 399, 407-08 (D.C. Cir. 1994), citing *Weeks v. United States*, 232 U.S. 383 (1914). [2]

Special Agent Ervin's affidavit clearly failed to establish "probable cause" as to Mr. Bryant, which Agent Ervin seems to readily concedes in paragraph 9 on page 8 of the affidavit. The conclusory explanations regarding the purported meaning of the three conversations can not are insufficient to make up for the lack of probable cause. See generally, *United States v. Feliz*, 20 F. Supp. 2d 97, at 104, citing *United States v. Weaver*, 99 F.3d 1372, 1378 (6th Cir. 1996). While there may have been probable cause as to other locations, the affidavit fails to establish probable cause for the officers to believe that drug evidence or other contraband would be found at 1918 Black Oak Court.

Far more factual information and corroboration was needed to reasonably establish probable cause that Mr. Bryant was a regular customer of Mr. Jackson as alleged, and that he would therefore have drugs or other evidence of criminal activity in his home. In short, the affidavit fell far short of establishing the requisite probable cause for the search of 1918 Black Oak Court, Waldorf, Maryland on August 1, 2006.

### III.     Leon's Good Faith Exception Does Not Apply in this Case:

The affidavit in support of the search warrant in this case unquestionably lacks the requisite probable cause, and therefore violates the Fourth Amendment. Evidence seized in violation of the Fourth Amendment must be suppressed unless the circumstances support a finding that the police obtained "the evidence through objective good faith reliance on a facially

---

[2] Defendant recognizes that not all evidence obtained in violation of the Fourth Amendment must be suppressed. In *United States v. Leon*, 468 U.S. 897, 920 (1984), the Court carved out a "good faith" exception to the exclusionary rule. Defendant submits that the "good faith" exception does not apply in this case and will address those arguments in Section III, Infra.

valid warrant that is later found to lack probable cause." *United States v. Johnson*, 322 F. Supp 2d 35, 38 (D.D.C. 2004), citing *United States v. Leon*, 468 U.S. 897, 920 (1984). Thus the only real question in this case is whether the "good faith" exception should apply to allow the introduction of the seized evidence.

The Supreme Court identified four situations in which it is not appropriate to apply the "good faith" exception because the officer "will have no reasonable grounds for believing that the warrant was properly issued." *Leon* at 923. Those situations are as follows: (1) where the magistrate issued the warrant based on a deliberately or recklessly false affidavit; (2) where the issuing magistrate failed to act in a neutral and detached manner; (3) where a warrant is based on an affidavit "so lacking in indicia of probable cause as to render official belief in existence entirely unreasonable"; and (4) where a warrant is "so facially deficient -- i.e., in failing to particularize the place to be searched or the things to be seized - - that the executing officers cannot reasonably presume it to be valid." *Id.* Defendant submits that the third situation makes the good faith exception inapplicable in this case.

The affidavit in support of the search warrant for Mr. Bryant's home is so lacking in indicia of probable cause that a reasonably trained officer could not reasonably believe in the existence of probable cause for the search. The test is an objective one - whether "a reasonably well trained officer would have known that the search was illegal despite the [judge's] authorization." *Johnson* at 40 (citations omitted). Thus the court must objectively determine what a reasonably well trained officer should have known under the circumstance.

The affidavit as to Mr. Bryant was completely "bare bones", containing virtually no meat. The affidavit does not demonstrate that the 1918 Black Oak Court was connected in any way to drug activities. The totality of circumstances relied upon in obtaining the search warrant hinged on the affiant's conclusory statements that Mr. Bryant's three conversations and one brief encounter with Jackson over a three day period, demonstrate that Mr. Bryant was a regular PCP

customer of Jackson, and would therefore have drugs and/or other evidence at his home.[3] The allegations are simply too attenuated, and are not supported by facts, details, or other evidence. In short, there were no legitimate reasons provided to establish probable cause as to Mr. Bryant or his home. The F.B.I. agent in this case, who is a 16 year veteran, seemed to know that the information was only sufficient to establish suspicion - as evidenced by his own words.

As in *Johnson*, the affidavit in this case is so deficient that it would be unreasonable for a reasonably well trained officer to believe that probable cause existed as to Mr. Bryant. Furthermore, as the court held in *Johnson*, those deficiencies can not be cured. Thus the Leon "good faith" exception does not apply, and the evidence seized as a result of the warrant must be excluded at trial.

**Conclusion:**

For the above stated reasons, and for any other reasons adduced at a hearing on this Motion, defendant respectfully requests that the Court suppress all physical evidence seized from 1918 Black Oak Court, Waldorf, Maryland on or about August 1, 2006.

Respectfully submitted,

/s/
Howard B. Katzoff, #348292
717 D Street, N.W.,   Suite 310
Washington, D.C. 20004
(202) 783-6414
Counsel for Lawrence Bryant

---

[3] The fact that the affidavit contains so little information in support of the agent's conclusory statements significantly undercuts the agent's conclusions, particularly since the search warrant affidavit was prepared following a long term investigation, and more than two months after the May conversations being described.

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing motion has been served electronically upon AUSAs Elisa Poteat and Emory Cole, Office of the United States Attorney, 555 Fourth Street, N.W., Washington, D.C. 20530, and all defense counsel of record this __3rd__ day of August, 2007.

                                                                      /s/
                                            Howard B. Katzoff