## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Crim. No. 06-227-06 (RBW)** |
| | ) | |
| | ) | |
| **LAWRENCE  BRYANT** | ) | |
| _____ | ) | |

### DEFENDANT BRYANT'S OPPOSITION TO THE GOVERNMENT'S
### NOTICE OF INTENT TO INTRODUCE RULE 404(b) EVIDENCE

Defendant, Lawrence Bryant, through undersigned counsel, respectfully opposes the government's notice of its intent to introduce alleged "intrinsic and extrinsic"other crimes evidence pursuant to Rule 404(b) of the Federal Rules of Evidence.  In support of this Opposition, the defendant states the following:

### BACKGROUND

Mr. Bryant is charged in a superseding indictment with one count of conspiracy to distribute and possess with intent to distribute more than a kilogram of a mixture or substance containing a detectable amount of PCP in violation of 21 U.S.C. 846 and 841 (a)(1) and (b)(1)(A).   The alleged conspiracy covers the period from in or about 2004 through May 2006.  The government has now filed a notice of its intent to introduce alleged "intrinsic and extrinsic" other crimes evidence against Mr. Bryant.  Mr. Bryant opposes the government's request and respectfully asks this Court to preclude the introduction of the proffered evidence.

### GOVERNMENT'S PROFFERED 404(b) EVIDENCE:

The United States, in its Notice of Intrinsic and Extrinsic Facts, proposes to introduce certain "intrinsic and extrinsic" evidence in its case-in-chief.  Although vague about the specifics regarding

- 2 -

the proffered evidence, the government indicates that "[t]hrough cooperators, prior police reports,

interviews with agents and law enforcement, review of certified court documents, and other

corroborating evidence, the government has learned many facts about the conspiracy and its

beginnings which should be admitted at trial." [Govt Notice at p. 15].   Without specifically stating

which of the proffered evidence is intrinsic or extrinsic, which evidence is being offered pursuant to

Rule 404(b), and what, if any, basis exists for the Court to conclude that the proffered evidence is

sufficiently reliable, the government makes the following general proffers of evidence[1] :

1) Mr. Bryant made alleged purchases of PCP and marijuana from Jackson during the charged
   conspiracy (sometimes at the home of Wanda Owens);
2) Mr. Bryant allegedly had a discussion with Jackson regarding the sale of a firearm;
3) Mr. Bryant recently purchased a new home and a new automobile, and told members of
   the conspiracy that he was having trouble paying his bills; [2]
4) "Because of a history of selling heroin in the 1980s and 1990s, Bryant returned to drug
   sales to meet his growing financial obligations.";
5) Mr. Bryant purchased PCP from both Christopher Dobbins and Darnell Jackson; and
6) Mr. Bryant sold heroin in Washington, D.C. prior to the period of the conspiracy, and
   was convicted of heroin selling in the early 1990s.

---

[1]  These allegations are set forth on pages 15 -16 of the Government's Notice.
In this section, the government also proffers that Wanda Owens' home was used to sell drugs,
including cocaine; and that packaging, cutting, and weighing material, as well as photos of
members of the alleged conspiracy were recovered from Wanda Owens' home.

[2]  The government seems to suggest that the wiretap conversations support the
allegation of financial troubles, when, in fact, the conversations were about Darnell
Jackson's financial problems and his efforts to get monies from Mr. Bryant.   However,
defendant is not addressing this issue in its opposition because the government does not appear
to be making any arguments regarding the admissibility of that evidence.

## THE GOVERNMENT'S PROFFERED "INTRINSIC" AND "EXTRINSIC" EVIDENCE REGARDING MR. BRYANT IS INADMISSIBLE

The government is correct in asserting that Rule 404(b) of the Federal Rules of Evidence only excludes evidence which is extrinsic to the crime charged. [Govt. Notice at pp. 27-28]. However, little, if any, of the proffered evidence regarding Mr. Bryant can truly be considered "intrinsic" to the crime charged. The only allegations regarding Mr. Bryant which seem to involve "intrinsic" evidence are the allegations that Mr. Bryant allegedly purchased PCP from Jackson and Dobbins during the period of the conspiracy.[3] However, even those allegations are so thin that the government's request to admit the evidence should denied. The notice does not provide any information regarding the time periods, circumstances, quantities, and other details which sufficiently demonstrate that the proffered evidence is reliable and relevant to the conspiracy charged in this case.

The rest of the government's proffers of evidence regarding Mr. Bryant appear to be extrinsic to the instant offense, and inadmissible. The government's proffer regarding the alleged discussion of the sale of a firearm between Mr. Bryant and Mr. Jackson is also far too thin to be considered either intrinsic or probative of a contested issue in this case. The allegation that Mr. Bryant sold heroin in the 1980s and 1990s is extremely dated, and is clearly not "intrinsic". Similarly, Mr. Bryant's 1991 conviction for heroin distribution is not intrinsic to the charged offense. Thus the remainder of the government's proffered evidence is clearly not intrinsic and must meet the requirements for admissibility under F.R.E. 404(b).

---

[3] Defendant recognizes that the government's notice also alleges that Mr. Bryant purchased marijuana from Mr. Jackson. Nevertheless, the notice does not elucidate any of the transactions, or demonstrate that those transactions are somehow intrinsic to the alleged PCP conspiracy.

- 4 -

Federal Rule of Evidence 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

"Evidence of a defendant's prior `bad acts' is excluded when its sole tendency is to prove that the defendant is a person of bad character and thus predisposed to commit the crime for which he is on trial." _United States v. Manner_, 887 F.2d 317, (D.C. Cir. 1989).  For the admission of such evidence to be proper, the evidence must be relevant to a material issue, other than the defendant's character.  See _United States v. Foskey_, 636 F.2d 517, 523 (D.C. Cir. 1980).   However, 404(b) evidence is admissible only if it passes the well established two-step analysis.  "The first step requires that the evidence be probative of some material issue other than character. . . . The second step requires that the evidence not be inadmissible under any of the general strictures limiting admissibility." _United States v. Washington_, 969 F.2d 1073, 1080 (D.C. Cir. 1992) (citations omitted), quoting _United States v. Miller_, 895 F.2d 1431, 1435 (D.C. Cir.), cert. denied, 498 U.S. 825 (1990).

Defendant submits that he government's request to use 404(b) evidence fails to pass both parts of the analysis.

**I.    The proposed introduction of extrinsic evidence of alleged "other crimes" should be barred because it is not sufficiently probative of any contested material issue, and is actually intended to establish the character of the defendant as a drug dealer who acted in conformity therewith in the instant case.**

The government is proposing to introduce evidence, inter alia,  that Mr. Bryant sold drugs other than PCP on prior occasions, including allegations that he sold heroin more than fifteen years ago.  A jury hearing such evidence would be invited to conclude ". . . that if the defendant dealt

- 5 -

drugs on other occasions, he in all probability went astray this time as well." See *United States v. Betts*, 16 F.3d 748, 758-60 (7th Cir. 1994) (evidence of possession by defendants of sixteen pounds of marijuana and drug paraphernalia at the time of their arrest held not admissible under Rule 404(b) because it had little probative value to establish defendants' knowledge and intent *vis a vis* the prior marijuana distribution conspiracy).   The basic rule is that character evidence may not be introduced circumstantially to prove conduct. *Id.*

Simply put, the government has not established that the proffered 404(b) evidence is admissible for a legitimate 404(b) purpose.   The proffered evidence has no relevance to the allegations that Mr. Bryant participated in a conspiracy to sell PCP between 2004 and May 2006. It is not intrinsic as alleged, and it is not probative of the method of operation or of Mr. Bryant's intent. Rather, the proffered 404(b) evidence will inevitably be treated as propensity evidence, and not for any legitimate 404(b) purpose.   In effect, the 404(b) evidence will be used to circumstantially prove the conduct charged in this indictment based on propensity or predisposition, rather than on the direct evidence in the case.

Moreover, the government's proffers are so broad and vague that the Court can not find that they are sufficiently reliable, or that they are truly being offered for some proper purpose.   There does not appear to be any relationship between Mr. Bryant's 1991 conviction for heroin distribution and the charge in this case.   The allegation of heroin distribution in the 1980s and 1990s is even more dated, tenuous, and unreliable, and does not demonstrate Mr. Bryant's intent to participate in the charged conspiracy.   Thus such evidence would undoubtedly be used by jurors as evidence of predisposition or bad character.   Defendant would also note that there does not appear to be a close relationship between the other proffered evidence and the PCP conspiracy charged in this case.   The

- 6 -

allegation of marijuana purchases is vague and is insufficient to demonstrate admissibility under

Rule 404(b).   The allegation of a discussion regarding the sale of a firearm is similarly weak.   Thus

the alleged firearm discussion and alleged prior drug dealing activities should not be admissible to

prove the contested issue in this case - whether Mr. Bryant conspired to distribute and possess with

intent to distribute PCP.

      Defendant further submits that the proffered evidence is not being offered to prove

knowledge because knowledge is not really a material issue in this case.   As articulated by the Sixth

Circuit in *United States v. Johnson*, 27 F.3d 1186, 1194 (6th Cir. 1994),

> ". . . Knowledge is a material issue when the defendant claims he was unaware that he was
> committing a criminal act.  2 Weinstein's Evidence, Section 404(13), 404-79 to 404-81
> (1993).  In this case, knowledge was not at issue because Johnson did not argue, for
> example, that he possessed the drugs by mistake or inadvertence, or that he was so
> intoxicated as to be unaware of what he was doing.  Rather he denied possessing the drugs
> at all . . ." *Id.* at 1194.

Accordingly, defendant's general denial in this case regarding his involvement in the alleged PCP

conspiracy does not make knowledge a material issue.

      Moreover, defendant contends that the prejudicial effect of the proffered evidence would be

significant because it invites the jury to infer that Mr. Bryant  has a propensity for drug and firearm

offenses and therefore he must be guilty of the charge in this case - an inference which Rule 404(b)

is intended to preclude.  *See, e.g., United States v. (Dennis) Mitchell*, 49 F.3d 769, 776-77

(D.C.Cir.1995); *United States v. (Timothy) Johnson*, 27 F.3d 1186, 1193 (6th Cir.1994); *United

States v. (Michael) Johnson*, 970 F.2d 907, 912-14 (D.C.Cir.1992).

- 7 -

In short, the United States makes little, if any, attempt to specifically address the Rule 404(b) and/or Rule 403 analysis as to Mr. Bryant. Instead, the government groups all evidence together stating that "the group's other acts" should be admitted "because they are inextricably intertwined with the charged offense or because they are so similar to the instant offense as to define the method of operation of the groups." [Govt Notice at p. 27]. The government suggests that the evidence is being offered to show the method of operation of the groups, or to demonstrate the intent of the conspirators, and is not being offered to show the defendant's bad character or predisposition. [Govt. Motion at p. 27]. However, those arguments are without merit.

Accordingly, defendant respectfully urges the Court to find that the proffered 404(b) evidence is not admissible.


II.     **Assuming arguendo that the government's proffered "intrinsic" and "extrinsic" evidence has some relevance to a contested issue herein, under Federal Rule of Evidence 403 its probative value is substantially outweighed by the unfair prejudice likely to be caused by that evidence.**

Courts have been sensitive to the danger that marginally probative prior bad acts will be overwhelmed by their prejudicial effect. In *United States v. Knight*, 185 F.Supp. 2d 65   (2002), Judge Robertson ruled that evidence of prior drug dealing, one year earlier, in a drug distribution and possession of a firearm during a drug trafficking offense case, would be " . . .  at  best cumulative on the question of knowledge and intent. It appears to have no real purpose except to prove that this defendant is a drug dealer--which is forbidden under Rule 404(b) as propensity evidence. I find the probative value of the evidence to be substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403." Id. at 69 ; See also, *United States v. Haywood*, 280 F. 3d 715,

- 8 -

720-24 (6th Cir. 2002) (PWID conviction reversed and remanded where defendant's possession of crack cocaine six months later was introduced to prove he possessed crack with the intent to distribute it on the earlier date-- even if Court had held evidence were probative, it still must be excluded based upon Rule 403 balancing test, especially since intent is easily proven by the quantity of the drugs).

The proffered evidence regarding heroin distribution in the 1980s and early 1990s is so dated that it can not possibly be probative on the issue of intent to participate in a conspiracy to distribute PCP between 2004 and 2006.  As noted above, the evidence will undoubtedly be treated as propensity evidence.  Thus the jury will unfairly give undue weight to the prior alleged conduct, possibly leading to a conviction based on the allegations of previous misdeeds, rather than based on the evidence against him in this case.  See United States v. Daniels, 770 F.2d 1111, 1115-18 (D.C. Cir. 1985).  Courts have long recognized that ". . . even when a trial judge carefully instructs the jury regarding the limited significance it should give evidence of other crimes, prejudice to the defendant is well nigh inescapable." Daniels, Supra at 1116, quoting United States v. Carter, 482 F.2d 738, 740 (D.C. Cir. 1973).

In this case the probative value, if any, of the proffered evidence against Mr. Bryant is attenuated, and the unfair prejudice will be great.  Therefore, Rule 403 mandates that the evidence be excluded. See United States v. Mooney, 788 F. Supp. 592, 595-96 (D.D.C., Oberdorfer, J., 1992)(court, while holding evidence insufficient to convict defendant in felon in possession case, also rules that evidence of nature of prior felony is inadmissible to prove guilt or innocence, citing Daniels, supra.); United States v. Duran, 884 F. Supp. 558, 561-62 (D.D.C., Richey, J., 1995) (court, while finding proffered 404(b) evidence marginally relevant, excludes such evidence

- 9 -

pursuant to Rule 403 as not highly probative of the issues of intent or motive, and because . . . the

jury could easily infer from such evidence that the defendant is a bad person with criminal

propensities, and improperly convict on that basis. *Id*. at 562.)  *See also* <u>United States v. Haywood</u>,

280 F. 3d 715, 720-24 (6th Cir. 2002) (PWID conviction reversed and remanded because even if

Court had held evidence were probative, it still must be excluded based upon Rule 403 balancing

test.).

   Wherefore, defendant respectfully requests that the government's request to introduce Rule

404(b) evidence against Mr. Bryant be denied.

                              Respectfully submitted,


                              ____/s/_____
                              Howard B. Katzoff, (Bar # 348292)
                              717 D Street, N.W., Suite 310
                              Washington, D.C. 20004
                              (202) 783-6414
                              Counsel for Lawrence Bryant




## CERTIFICATE OF SERVICE

   I hereby certify that this _31st___ day of ___August_____, 2007,  a copy of the foregoing
Opposition and Points and Authorities were electronically served upon Elisa Poteat, Esquire and
Emory Cole, Esquire, Assistant United States Attorneys for the District of Columbia, 555 Fourth
Street N.W., Washington, D.C. 20530, and all defense counsel of record.


                              ____/s/_____
                              Howard B. Katzoff