UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES** | ) ) ) | |
| v. | ) ) | Criminal No. 06-227-06 (RBW) |
| **DARNELL JACKSON, et al.** **(Lawrence Bryant)** | ) ) ) | |

### LAWRENCE BRYANT'S PROPOSED FINAL JURY INSTRUCTIONS

Defendant, Lawrence Bryant, through undersigned counsel, respectfully submits the following proposed Redbook and Special Final Jury Instructions::

**1.  Proposed Redbook Jury instructions:**

The following instructions from the Red Book are requested by defendant:

    1.07 - Question Not Evidence

    1.08 - Expert Testimony

    1.10 - Prior Inconsistent Statements

    1.12 -  Impeachment/Conviction of a Crime - Witness

    1.12A - Impeachment by Proof of Pending Case or Parole or Probation

    1.13 - Impeachment/Conviction of a Crime - Defendant (If applicable)

    1.14 - Impeachment of Defendant - Statements (If applicable)

    2.01 - Function of the Court

    2.02 - Function of the Jury

    2.03 - Jury's Recollection Controls

    2.04 - Evidence in the Case

    2.05 - Statements of Counsel

2.06 - Indictment Not Evidence

2.07 - Inadmissible and Stricken Evidence

2.08 - Burden of Proof - Presumption of Innocence

2.09 - Reasonable Doubt

2.10 - Direct and Circumstantial Evidence

2.11 - Credibility of Witnesses

2.13 - Number of Witnesses

2.14 - Nature of Charges Not to be Considered

2.22 - Accomplice's Testimony

2.22A - Witness With Plea Agreement

2.23 - Testimony of Immunized Witness (If applicable)

2.24 - Informer's Testimony (If applicable)

2.25 - Perjurer's Testimony (If applicable - see proposed modification below)

2.26 - Police Officer's Testimony

2.27 - Failure of Defendant To Testify (If applicable)

2.28 - Defendant as a Witness (If applicable)

2.30 - Transcripts of Tape Recordings

2.42 - Character and Reputation of Defendant

2.43 - Cross Examination of Character Witness

2.49 - Defendant's Statements - Corroboration (If applicable)

2.50 - Statements of Co-defendants

2.51B - Other Crimes Evidence (Modified as necessary)

2.54 - Multiple Defendants / Multiple Counts

    2.55 - Evidence Admitted Against One Defendant Only

    2.70 - Redacted Documents

    3.10 - Wiretaps

    3.11 - Consensual Recordings

    5.01 - Defendant's Theory of the Case (To Be Provided)

    5.06 - Identification (If applicable)

    2.71 - Election of Foreperson

    2.72 - Unanimity

    2.73 - Exhibits During Deliberations

    2.75 - Communications Between Court and Jury

    2.77 - Use of Verdict Forms

    3.01 - 3.04 Include in Substantive offense Instructions

    3.10 - Wiretaps or Wire Interceptions

    3.11 - Consensual Tape Recording

**2. SUBSTANTIVE OFFENSES AND OTHER SPECIAL INSTRUCTION(S)**:

<u>**COMMUNICATIONS AMONG DEFENDANTS' COUNSEL**</u>

    At times throughout the trial, you have heard one defense attorney ask questions regarding a defendant other than his or her client, or make objections or argument on behalf of a defendant not his or her client.  In addition, you no doubt noticed that counsel for the defendants have consulted with each other and may have divided tasks to expedite matters and minimize or avoid the duplication of efforts.  Indeed, in a case of this length, it is natural for defense counsel to cooperate and consult with one another.  You should not consider those circumstances to mean or suggest that the defendants are regarded as one person or entity.  Each defendant must

be given separate consideration as to each of the charges or allegations against him.

See, <u>United States v. Tommy Edelin</u>, Case No. 98-264 (J. Lamberth, Jury Instruction No. 8); <u>United States v. Ronald Taylor</u>, Case No. 02-137 (J. Kennedy, Jury Instruction No. 10).

### REDBOOK INSTRUCTION NO. 2.25 (MODIFIED)

### PRIOR PERJURY AND UNTRUTHFUL TESTIMONY AT TRIAL

There has been evidence that several witnesses who testified at this trial acknowledged that they lied under oath at prior plea hearings or other proceedings. The testimony of such a witness should be viewed cautiously and scrutinized with care.

In addition, if you believe that any witness has been shown to have willfully lied about any material matter at this trial, you have the right to conclude that the witness has lied about other matters. You may disregard all of that witness' testimony, or you may accept whatever part of it you think deserves to be believed.

See, <u>United States v. Tommy Edelin</u>, Case No. 98-264 (J. Lamberth, Jury Instructions No. 22 and No. 23).

### IMPERMISSIBLE TO INFER PARTICIPATION FROM MERE PRESENCE OR FROM MERE ASSOCIATION

You may not find that a defendant is guilty of participating in criminal conduct merely from the fact that he may have been present at the time and place a crime was being committed and had knowledge that it was being committed.

Likewise, you may not find that t defendant is guilty of participating in criminal conduct merely from the fact that he associated with, was a family member of, or lived with other people who were guilty of wrongdoing.

See, <u>United States v. Tommy Edelin</u>, Case No. 98-264 (J. Lamberth, Jury Instructions No. 31).

**\*CONSPIRACY TO DISTRIBUTE AND POSSESS
<u>WITH THE INTENT TO DISTRIBUTE COCAINE AND COCAINE BASE</u>**

I will now instruct you on Count One, which is the charge of conspiracy to violate the narcotics laws.  All of the defendants are charged in Count One of the Indictment, which charges that from on or about September 2006 and continuing thereafter to at least July 27, 2006, in the District of Columbia, Maryland, California, and elsewhere, **DARNELL ANTHONY JACKSON, TROY ANTOINE HOPKINS**, **TONY FITZGERALD HILT**, **TINESHA DENISE ADAMS, SHAWNTAE ANDERSON, LAWRENCE BRYANT**, **TROY JAMAL CHAVIOUS**, **CHRISTOPHER MICHAEL DOBBINS, John Downs, III, LANIKA MERCEDES FRANKLIN, WILLIAM HENRY GRAY,**" **BERNIE HARGROVE, JOHN DOE (**also known as **Keith Roots**) and **DOMINIQUE MICHELLE WASHINGTON**, did unlawfully, knowingly, and intentionally  combine, conspire, confederate and agree together and with co-conspirators and others known and unknown to the Grand Jury, to unlawfully, knowingly, and intentionally distribute and possess with the intent  to distribute One Kilogram or More of Phencyclidine in violation of  Title 21 U.S.C. Sec. 846; Sec. 841(a)(1) and 841(b)(1)(A)(iv) of the United States Code.

A conspiracy charge is a separate and different offense from the underlying offenses that the government alleges were the purpose of the conspiracy.  This is because it is an offense to conspire, or agree, with someone to commit a crime even if that crime is never committed.  So, a conspiracy is an agreement between two or more persons to join together to accomplish an unlawful purpose.  It is a kind of partnership in crime.

You are instructed that you must separately consider each defendant's alleged participation.  In order for you to find a defendant guilty of Count One, the conspiracy charge, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt as to that

defendant:

First: That beginning sometime in or about September 2005 and continuing thereafter until at least July 27, 2006, two or more persons, directly or indirectly, reached an agreement to distribute or possess with intent to distribute phencyclidine as charged in Count One of the indictment.

Second: That the defendant knew of the unlawful purpose of the agreement; and joined the agreement willfully, that is, with the intent to further its unlawful purpose; and

Third: That the conspiracy involved at least 1 kilogram of phencyclidine, which was attributable to that defendant.

In order to satisfy the first element, the government must prove the existence of the conspiracy beyond a reasonable doubt. A conspiracy agreement does not have to be in writing, and does not have to be an express or formal plan in which everyone involved sat down together and worked out all the details. On the other hand it does not necessarily follow from the fact that people get together and talk about common interests, or do similar things, that an illegal agreement exists. The government must prove beyond a reasonable doubt that there was a common understanding or common undertaking among those involved to commit the crime charged in the indictment. Such an agreement need not be proved directly, but it may be inferred from the circumstances and conduct of the parties, since ordinarily a conspiracy is characterized by secrecy.

It is not essential that the prosecution prove that the conspiracy began or ended on the specific dates set forth in the indictment. Rather, the government is required to prove beyond a reasonable doubt that the conspiracy charged in the indictment existed for some time within the period set forth in the indictment.

In order to satisfy the second element, the government must prove beyond a reasonable doubt that the defendant knowingly and willfully joined and participated in the conspiracy with the specific intent to distribute or possess with intent to distribute phencyclidine. This second element requires that the government prove the defendant's membership in the conspiracy. In other words, the government

must prove beyond a reasonable doubt that the defendant knowingly and willfully participated in the conspiracy, and did so with the specific intent to distribute, or possess with intent to distribute phencyclidine as charged.

In determining whether a particular defendant was a member of the conspiracy, if any existed, you may consider only his own acts and statements. A defendant can not be bound by the acts or declarations of the other participants unless and until it is established that a conspiracy existed and the defendant was one of its members.

To be a member of the conspiracy, a defendant need not know the identities or the number of all the other members of the conspiracy, nor all of the details of the conspiracies, or the means by which its purposes were to be accomplished. A defendant may be found to have been a member of the conspiracy even though he was not apprised of all the activities of the other members. Furthermore, a defendant need not have been informed of the full scope of the conspiracy, nor need he be shown to have joined in all of the conspiracy's unlawful objectives in order for you to infer that he joined the conspiracy knowingly. Each member of the conspiracy may perform separate and distinct acts. It is not necessary that the government prove that a particular alleged conspirator, from the beginning, was aware of the common purpose, had knowledge that the conspiracy existed, and was a member of the conspiracy. Different people may become members of the conspiracy, at different times. Moreover, it is not necessary, in order to convict a defendant of a charge of conspiracy, that the objectives or purposes of the conspiracy have been achieved or accomplished. In addition, the government is not required to prove that any alleged conspirator committed an act in furtherance of the conspiracy.[1] The essence of the offense of conspiracy is the agreement to commit a crime, not the commission of overt acts in furtherance of the agreement.

---

[1] United States v. Scabani, 513 U.S. 10 (1994) (no overt act required to prove conspiracy pursuant to 21 U.S.C. Sec. 846).

The government must prove the existence of the conspiracy charged in the indictment. Proof of some other conspiracy - even one with the same or similar members or goals - is not sufficient. What you must do is determine whether the conspiracy charged in the indictment existed between two or more coconspirators. If you find that no such conspiracy existed, then you must acquit the defendants. However, if you decide that such a conspiracy existed, you must then determine who the members were. If you should find a particular defendant was only a member of some other conspiracy, and not a member of the conspiracy charged in the indictment, then you must acquit that defendant. However, membership in some other conspiracy does not preclude membership in the conspiracy charged in the indictment. A person can be a member of more than one conspiracy, just as a person can have more than one job.

In other words, to find a defendant guilty of the charged conspiracy, you must unanimously find that he was a member of the conspiracy charged in the indictment and not solely a member of some other or different conspiracy not charged in the indictment.

In determining whether the conspiracy existed and whether a defendant was one of its members, you may consider the acts done and statements made by any member of the alleged conspiracy during the course of and in furtherance of the conspiracy. When people enter into a conspiracy, they become agents for each other, so that the act or statement of one conspirator is considered the act or statement of all the other conspirators and is evidence against them all, so long as the act is done or the statement is made during the course of and in furtherance of the conspiracy. An act is done willfully if done knowingly, intentionally, and deliberately. However, before you may find that a defendant has become a member of the conspiracy, it is necessary that the government prove beyond a reasonable doubt that the defendant had knowledge that the conspiracy existed, was aware of the common purpose or objectives of the conspiracy, and was a willing participant with the intent to advance the purposes or objectives of the conspiracy. To participate "knowingly" means to do so voluntarily and intentionally, and with the specific intent to do something that is against the law, and not because of mistake,

inadvertence, or accident.

An individual's membership in a conspiracy is not necessarily determined by the extent of his participation. A defendant may be convicted as a conspirator even though he plays a minor role in the conspiracy, or joined the conspiracy after it was underway, provided that you find beyond a reasonable doubt that the conspiracy existed, and that he knowingly participated in the conspiracy with the intent to encourage, advise, or assist other conspirators. And you need not find that all members of the conspiracy were members at one time. It is sufficient if at some time during the course of the conspiracy, he was a member of the charged conspiracy.

I want to caution you, however, that a defendant's mere presence at the scene of an agreement, or of the crime or crimes, or mere association with other participants, does not show that a defendant knowingly joined in the agreement. Even mere knowledge of the agreement or conspiracy, or unknowingly acting in a way that helps the participants or advances some purpose of the conspiracy, without more, does not make a defendant part of the conspiracy charged in this case.

In addition, a simple "buyer-seller" relationship alone does not make out participation in a conspiracy since a buyer does not automatically become a member of the conspiracy. A "buyer-seller" relationship, however, may be sufficient if it is coupled with sufficient other evidence indicating a common purpose, such as an on-going relationship, multiple sales, sales on credit or "fronting", an awareness that the drugs purchased by the buyer are to be resold, or knowledge of a broader illegal venture. Where the quantity involved is sufficiently large, an inference may be drawn that an implicit agreement exists for one defendant to supply another defendant with narcotics for resale on an ongoing basis. However, in order to find that a buyer became a member of the conspiracy, the government must prove that a buyer knew of the existence and scope of the conspiracy, and joined the conspiracy and sought to promote its success.

Finally, in order to convict the defendants of the conspiracy charged in Count One you must find that the government has proved beyond a reasonable doubt that the conspiracy involved 1 kilogram

or more of phencyclidine. In making the determination of the drug quantities attributable to a defendant in the conspiracy, you are instructed that a defendant is responsible for those drugs that are within the scope of his conspiracy agreement. To put it another way, a defendant is responsible for drugs and drug amounts he agreed would be distributed or possessed with intent to distribute, and those drugs and drug amounts distributed or possessed with intent to distribute by other co-conspirators which the defendant reasonably could have foreseen would be distributed or possessed in furtherance of the conspiracy. In other words, a defendant is responsible for not only his own actions but also for those of his coconspirators if those actions were known or reasonably foreseeable to the defendant. Thus, for example, you may count for purposes of this element amounts of phencyclidine possessed or distributed by the defendant and amounts of phencyclidine that the defendant could reasonably foresee would be possessed and distributed by other coconspirators during the course of, and within the scope of, the conspiracy agreed to by that defendant. In calculating drug quantities, you may rely on both direct and circumstantial evidence introduced in this case. The government is not required to have seized, or to physically produce in court 1 kilogram or more of phencyclidine in order to satisfy this element. See, Fifth Circuit Pattern Jury Instructions, No. 2.89, note @ p. 262 (2001 ed.).

      In summary, a conspiracy is a kind of partnership in crime. For a defendant to be convicted of the crime of conspiracy, the government must prove three things beyond a reasonable doubt: First, that there was an agreement to commit the crime charged in Count One of the indictment; Second, that the particular defendant whose guilt or innocence you are considering intentionally joined that agreement; and Third that the conspiracy involved at least 1 kilogram of phencyclidine which was attributable to that defendant.

See, United States v. Tommy Edelin , Case No. 98- 264 (J. Lamberth) (Jury Instruction No. 39); United States v. Ronald Taylor, Case No. 02-137 (J. Kennedy)(Jury Instruction 38); United States v. Perdigo, 12 F.3d 618, 626 (7th cir. 1994).

# INSTRUCTIONS FOR COUNTS TWO AND THREE

### Redbook Instruction 4.29

### POSSESSION OF CONTROLLED SUBSTANCE WITH INTENT TO DISTRIBUTE

The elements of possession with the intent to distribute are:

1. That the defendant possessed a controlled substance;

2. That the defendant did so knowingly and intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently.

3. That when the defendant possessed the controlled substance, he had the specific intent to distribute it. Distribute means to transfer or attempt to transfer to another person.

The law makes phencyclidine a controlled substance. You must decide whether the material in question was phencyclidine. In doing that, you may consider all evidence that may help you, including exhibits, and expert and non-expert testimony.

### Insert Redbook Instruction 3.08
### POSSESSION -- DEFINED

There are two kinds of possession: actual and constructive. A person has actual possession of something if he has direct physical control over it. He has constructive possession of something when he does not have direct physical control over it, but knowingly has both the power and the intent at a given time to control it, either by himself or through another person. Possession may be shared with one or more people.

Mere presence near something or mere knowledge of its location is not enough to show possession. To prove possession, the government must prove beyond a reasonable doubt that the defendant had actual or constructive possession of the phencyclidine, alone or with someone else.

**Instruction 4.30**

**DISTRIBUTION OF A CONTROLLED SUBSTANCE**

The essential elements of distribution are:

1.      That the defendant distributed a controlled substance.  Distribute means to transfer or attempt to transfer to another person.  The government need not prove that the defendant received or expected to receive anything of value in return.

2.      That the defendant distributed the controlled substance knowingly and intentionally.  This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently.

The law makes phencyclidine a controlled substance.  You must decide whether the material was cocaine.  In doing that, you may consider all evidence that may help you, including exhibits, expert and non-expert testimony.

**CRIMINAL FORFEITURE ALLEGATION**

Defendant requests leave to file a proposed criminal forfeiture instruction in advance of the scheduled motions hearing on September 24, 2007.

Respectfully submitted,

/s/

Howard B. Katzoff (Bar # 348292)
717 D Street, NW    Suite 500
Washington, D.C.  20004
(202) 783-6414
Counsel for Lawrence Bryant

CERTIFICATE OF SERVICE

      I hereby certify that a copy of the forgoing Proposed Jury Instructions was served electronically upon Elisa Poteat, Esquire and Emory Cole, Esquire, Office of United States Attorney, 555 Fourth Street, NW, Washington, D.C. 20530, and all defense counsel of record this 7th day September, 2007.

                                                    /s/  
                                          Howard B. Katzoff