**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **v** | ) | **Crim. No. 06-227-06 (RBW)** |
| | ) | |
| | ) | |
| **LAWRENCE BRYANT** | ) | |
| | ) | |

**DEFENDANT BRYANT'S MOTION FOR A PRETRIAL RULING REGARDING ADMISSIBILITY OF A NUMBER OF ITEMS SEIZED FROM DEFENDANT'S HOUSE WHICH WERE NOT SPECIFICALLY ADDRESSED IN THE GOVERNMENT'S NOTICE OF INTRINSIC AND EXTRINSIC EVIDENCE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Defendant, Lawrence Bryant, through undersigned counsel, pursuant to Rules 401, 402, 403, and 404(b) of the Federal Rules of Evidence, respectfully requests that the Court consider pretrial and rule that a number of items seized from defendant's home are inadmissible. In support of this motion, the defendant states the following:

**BACKGROUND**

Mr. Bryant is charged in an indictment with one count of conspiracy to distribute and possess with intent to distribute more than a kilogram of a mixture or substance containing a detectable amount of PCP in violation of 21 U.S.C. 846 and 841 (a)(1) and (b)(1)(A). The alleged conspiracy covers the period from in or about September 2005 through July 2006. It appears from several of the government's recent notices and pleadings that the government intends to introduce a number of items of evidence which would be unfairly prejudicial because they are not relevant and material to a contested issue in the case. Even if some of the evidence is marginally relevant, defendant submits that the prejudicial effect of such evidence far outweighs any probative value. Thus Mr. Bryant is filing this motion seeking a ruling that the challenged evidence will not be admissible.

**GOVERNMENT'S PROFFERED EVIDENCE:**

The United States, in the factual background section of its Notice of Intrinsic and Extrinsic Evidence mentioned that during the search of Mr. Bryant's home the "agents recovered letters from inmates at Federal prison, and several recent issues of F.E.D.S. and a Don Diva magazine, which glamorize the drug trade. . . ." (Govt. Notice at 12).[1] Similarly, in the factual background for the Government's Omnibus Response to Defendants' Motions contained the same allegations. (Omnibus Response at 12). There was no mention in either pleading that the government intended to introduce the two old shotguns which were also recovered from the house.

The government recently forwarded a list of photographs it intends to introduce at trial. That list included several photographs of the shotguns. Thus defendant is seeking a pretrial ruling regarding the admissibility of the two shotguns. Although defendant is not certain the government intends to introduce the magazines and the letters, it seems prudent to address that issue as well pretrial. Thus defendant is seeking an order precluding the government from introducing evidence of the following items recovered during that search:

1) 2 Shotguns recovered from a closet
2) "Don Diva" Magazine(s)
3) "F.E.D.S." Magazine(s)
4) Letters to or from an inmate in a federal prison;

[1] Counsel was only able to conduct a cursory review of the magazines due to time constraints during the review of the physical evidence at the F.B.I. Washington Field Office. However, it is counsel's belief that there was one copy of each magazine. A review of the websites for the magazines demonstrates that they are "street" magazines which contain articles and advertisements on fashion, music, and other topics aimed at readers interested in the hip hop and rap cultures. There is more to the magazines than the sensationalized headlines and articles which refer to high profile criminal cases.

**THE GOVERNMENT'S PROFFERED EVIDENCE SHOULD BE INADMISSIBLE BECAUSE IT IS NOT SUFFICIENTLY PROBATIVE OF ANY MATERIAL ISSUE IN THE CASE; IT IS INTENDED TO UNFAIRLY PROVE BAD CHARACTER OR CRIMINAL DISPOSITION; AND BECAUSE THE UNFAIR PREJUDICE WILL FAR OUTWEIGH THE PROBATIVE VALUE, IF ANY**

The seizure of the two shotguns is not probative that Mr. Bryant participated in the narcotics conspiracy charged in this case. There has been no allegation to date that these guns were ever used in furtherance of, or in relation to, the charged narcotics conspiracy. They are not the normal guns of choice for drug dealers. There has been no proffer that the guns even belonged to Mr. Bryant. In short, it appears the guns would be introduced to try to suggest to the jurors that Mr. Bryant is more likely to be a drug dealer because of the recovery of the guns in his home. See e.g., United States v. Brown, 16 F.3d 423, 431 (D.C. Cir. 1994) (Finding that evidence of gun possession in a narcotics distribution case would be inadmissible to show propensity to deal drugs or "action in conformity with the character of a drug dealer, whatever that might be", but was admissible under legitimate Fed. Rule Evid. 404(b) purposes). Since the recovery of the firearms from the house is not admissible under any legitimate 404(b) purpose, the items should not be admissible.

Even if the evidence is admissible under some legitimate 404(b) theory, it must still pass the balancing test under Fed. Rule Evid. 403. Rule 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." It has long been recognized that in criminal prosecutions there is prejudice from evidence of a prior or subsequent gun possession - sometimes fair and sometimes unfair. In this case, the evidence would unfairly invite the jurors to treat the

evidence as character or propensity evidence. Thus even if the recovery of the two shotguns has some probative value in Mr. Bryant's case, the unfair prejudice will far outweigh the probative value, and the evidence should not be admitted in any event.

Similarly the seizure of the two magazines - Don Diva and F.E.D.S. - is not truly probative of any material issues in the case. Defendant submits that the government wants to introduce the Don Diva and F.E.D.S. magazines because they have controversial articles regarding criminal cases, including an article discussing "snitches". In addition to the sensationalized headlines and articles regarding high profile criminal cases, the magazines appear to have articles and advertisements promoting fashion, style, musicians, and rap and hip hop artists. It appears the government might want to admit the magazines because of the potential inflammatory nature of the sensationalized headlines and articles. Nevertheless, defendant submits that the magazines have no relevance and no legitimate evidentiary value in this case. Clearly, not everyone who purchases, possesses, or reads the Don Diva and F.E.D.S. magazines is involved in criminality. It is unreasonable to infer that a person is more likely to be involved in a drug conspiracy because he or she possesses magazines such as these. Yet, clearly, that is the government's intent. The introduction of such evidence would be an attempt to put character evidence before the jury, suggesting that a person who has such magazines in his home is more likely to be a drug dealer. Such an argument or inference is inappropriate.

The purchase or possession of these magazines, without more, is simply not probative of a person's alleged involvement in a narcotics conspiracy. Furthermore, in this case there has not been a proffer that Mr. Bryant is the person who purchased, possessed, or read those magazines. Thus the recovery of the magazines is not probative and material to the issues in this case.

Finally, the letters to or from an individual in prison are not probative of Mr. Bryant's alleged involvement in the conspiracy in this case. The inmate is not an co-conspirator. The letters do not discuss or affirm anything regarding the alleged conspiracy, or about Mr. Bryant's alleged involvement in the conspiracy. The letters are being proffered solely to show Mr. Bryant's association with an individual in prison or bad character (by association)- which is an improper purpose. Thus the letters should also be inadmissible.

As noted in the defendant's previously filed response to the notice of intent to offer intrinsic and extrinsic evidence, the Courts have been sensitive to the danger that marginally probative evidence can be overwhelmed by the prejudicial effect. See e.g., *United States v. Knight*, 185 F.Supp. 2d 65 (2002), (Judge Robertson ruled that evidence of prior drug dealing and possession of a firearm would be inadmissible under Fed. R. Evid. 403). The proffered evidence is clearly being offered as negative character evidence to try to influence the jury because the other evidence in the case is so thin. In addition, courts recognize that even when jurors are given limiting instructions, it is nearly impossible to avoid the prejudice from such evidence. Thus the jurors will likely give undue weight to the proffered evidence, resulting in the type of unfair prejudice which Rule 403 is intended to preclude. See generally, *United States v. Daniels*, 770 F.2d 1111, 1115-18 (D.C. Cir. 1985). Courts have long recognized that ". . . even when a trial judge carefully instructs the jury regarding the limited significance it should give evidence of other crimes, prejudice to the defendant is well nigh inescapable." *Daniels*, Supra at 1116, quoting *United States v. Carter,* 482 F.2d 738, 740 (D.C. Cir. 1973).

Therefore, Rule 403 mandates that the evidence be excluded. *See United States v. Mooney*, 788 F. Supp. 592, 595-96 (D.D.C., Oberdorfer, J., 1992)(court, while holding evidence insufficient

to convict defendant in felon in possession case, also rules that evidence of nature of prior felony is inadmissible to prove guilt or innocence, citing Daniels, *supra*.); United States v. Duran, 884 F. Supp. 558, 561-62 (D.D.C., Richey, J., 1995) (court, while finding proffered 404(b) evidence marginally relevant, excludes such evidence pursuant to Rule 403 as not highly probative of the issues of intent or motive, and because . . . the jury could easily infer from such evidence that the defendant is a bad person with criminal propensities, and improperly convict on that basis. *Id.* at 562.) *See also* United States v. Haywood, 280 F. 3d 715, 720-24 (6th Cir. 2002) (PWID conviction reversed and remanded because even if Court had held evidence were probative, it still must be excluded based upon Rule 403 balancing test.).

Wherefore, defendant respectfully requests that the Court rule pretrial that the government is precluded from introducing the proffered evidence seized from his house on or about August 3, 2006.

Respectfully submitted,

/s/

Howard B. Katzoff, (Bar # 348292)
717 D Street, N.W., Suite 310
Washington, D.C. 20004
(202) 783-6414
Counsel for Lawrence Bryant

**CERTIFICATE OF SERVICE**

I hereby certify that this 24th day of September, 2007, a copy of the foregoing Motion and Points and Authorities were electronically served upon Elisa Poteat, Esquire and Emory Cole, Esquire, Assistant United States Attorneys for the District of Columbia, 555 Fourth Street N.W., Washington, D.C. 20530, and all defense counsel of record.

/s/

Howard B. Katzoff